```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------
MIGUEL P. QUINONES,

                    Plaintiff,           14 Cv. 6253 (JGK)

       - against -                       MEMORANDUM OPINION &
                                         ORDER
NEW YORK CITY LEGAL POLICE
DEPARTMENT,

                    Defendant.
------------------------------------------
```

JOHN G. KOELTL, District Judge:

In 2010, the plaintiff, Miguel P. Quinones, filed an action in this Court against the City of New York and several police officers. Quinones v. City of New York, No. 10cv6195 (S.D.N.Y. Aug. 8, 2010). The plaintiff was then represented by counsel. After the case was dismissed pursuant to a stipulated settlement, the plaintiff moved pro se to reopen the matter and vacate the judgment, alleging—among other things—that his attorney had colluded with the City and "falsely represented" him. By order dated June 12, 2012, the Court adopted a report and recommendation denying those motions. However, the Court reduced the attorney's fees amount from forty percent to one-third of the settlement.

The plaintiff filed this new action pro se in the United States District Court for the Eastern District of New York, seeking to reopen the case, vacate the judgment, and have the matter transferred to that court. Quinones v. N.Y.C. Legal

Police Dep't, No. 14cv4294 (E.D.N.Y. July 9, 2014).  By order dated July 24, 2014, Eastern District Judge Vitaliano construed the complaint as seeking reconsideration of the dismissal order in case number 10cv6195, speculated that the plaintiff was also attempting to add a claim against the New York City Law Department, and transferred the matter here.  Quinones v. N.Y.C. Legal Police Dep't, No. 14cv4294 (E.D.N.Y. July 24, 2014.)  By order dated September 2, 2014, Chief Judge Preska granted the plaintiff's application to proceed in forma pauperis.

In his submission, the plaintiff seeks a "retrial for malpractice atty," asserting that trial counsel was a "60(b) violator" who was arrested and "paid bail."  According to the plaintiff, he "never got proper pay."

The Court concurs with the assessment of Judge Vitaliano that Plaintiff is essentially seeking review of the order of dismissal entered by this Court.  To that end, the Court liberally construes this submission as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), a motion for reconsideration under Local Civil Rule 6.3, and a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60(b).  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006); see also Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010) ("It is well

established that a court is ordinarily obligated to afford a special solicitude to pro se litigants.").

"The standards for relief under Rule 6.3 and Rule 59 . . . are identical."  R.F.M.A.S., Inc. v. Mimi So, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009).  The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it.  Id. at 509; Padilla v. Maersk Line, Ltd., 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009).  "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc., 642 F. Supp. 2d 206 (S.D.N.Y. 2009).

The plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action.  Plaintiff's motion under Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3 is therefore **denied.**

Under Federal Rule of Civil Procedure 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

3

>    (1) mistake, inadvertence, surprise, or excusable
>    neglect; (2) newly discovered evidence that, with
>    reasonable diligence, could not have been discovered
>    in time to move for a new trial under Rule 59(b); (3)
>    fraud (whether previously called  intrinsic or
>    extrinsic), misrepresentation, or other misconduct of
>    an opposing party; (4) the judgment is void; (5) the
>    judgment has been satisfied, released, or discharged;
>    it is based on an earlier judgment that has been
>    reversed or vacated; or applying it prospectively is
>    no longer equitable; or (6) any other reason
>    justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered the plaintiff's arguments, and even under a liberal interpretation of his motion, the plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, the motion is denied.  Moreover, to the extent the plaintiff has requested relief under subsections (b)(1), (2), and (3), such a claim is time-barred.  See Fed. R. Civ. P. 60(c).

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied.  A movant under Rule 60(b)(6) must first demonstrate that, but for the one-year time limitation, he could not have sought relief under the first five grounds of Rule 60(b).  See United Airlines, Inc. v. Brien, 588 F.3d 158, 175 (2d Cir. 2009).  In addition, the movant must show that the motion was filed within a "reasonable time" and that "extraordinary circumstances [] warrant relief."  Old Republic

4

Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (internal quotation marks omitted).  The plaintiff has not alleged any facts demonstrating that extraordinary circumstances warrant relief under Rule 60(b)(6).  See Ackermann v. United States, 340 U.S. 193, 199–202 (1950).  Nor has the plaintiff shown that, but for the one-year limitations period, he could not have sought relief under Rule (b)(1)–(3).

To the extent the plaintiff is asserting a claim for legal malpractice, that claim arises under state law.  Russell v. Legal Aid Soc. of New York, 200 F. App'x 37, 37–38 (2d Cir. 2006) (holding that a claim for legal malpractice—where the underlying conduct occurred in federal court—does not arise under 28 U.S.C. § 1331).  Having dismissed the plaintiff's Rule 59 and 60(b) applications, the Court declines to exercise jurisdiction over any remaining state law claims.  Lerner v. Fleet Bank, N.A., 318 F.3d 113, 130 (2d Cir. 2003).

## CONCLUSION

Accordingly, the plaintiff's complaint is **dismissed**.  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

**Dated:    New York, New York**
**December 6, 2014**                      _____/s/_____
                                              **John G. Koeltl**
                                       **United States District Judge**